IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MONICA ABBOUD, *individually, and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>THE SAVINGS BANK MUTUAL LIFE INSURANCE COMPANY OF MASSACHUSETTS,<br>Defendant | Case No. 4:24-CV-517<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## FIRST AMENDED CLASS-ACTION COMPLAINT

Plaintiff, Monica Abboud ("Plaintiff", "Ms. Abboud" or "Abboud"), on behalf of herself and all others similarly situated, by and through her undersigned attorneys, submits her First Amended Class-Action Complaint against Defendant The Savings Bank Mutual Life Insurance Company of Massachusetts ("Defendant" or "SBLI"). In support thereof, Plaintiff states as follows:

## NATURE OF THE CASE

1. Plaintiff Monica Abboud brings this action individually and on behalf of all others similarly situated, seeking damages and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

2. Defendant violated Plaintiff' and the putative class-members' rights by placing solicitation calls to Plaintiff and the putative class members' residential lines in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* and the TCPA's

1

corresponding regulations.

## BACKGROUND ON THE TCPA

3. In 1991, after passage with bipartisan support in Congress, President George H.W. Bush signed the TCPA into law, to protect consumers' privacy rights- specifically, the right to be left alone from unwanted telemarketing calls.

4. A leading sponsor of the TCPA described telemarketing "robocalls" the "scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

5. Decades after the TCPA passed into law, it is still unfortunately the case that "[m]onth after month, unwanted telemarketing calls and texts top the list of consumer complaints received by the [Federal Communications] Commission." Omnibus TCPA Order, 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015).

6. In fact, in 2021 alone, there were over *five million complaints* from Americans to the FTC about unwanted telemarketing calls. Federal Trade Comm'n, *FTC Issues Biennial Report to Congress on the National Do Not Call Registry (*Jan. 5, 2022) *available* at: https://www.ftc.gov/news-events/news/press-releases2022/01/ftc-issues-biennial-report-congress-national-do-not-call-registry.

7. The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019,

https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

9. This Court has personal jurisdiction over Defendant SBLI, which conducts business in the State of Texas.

10. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

11. Plaintiff, Monica Abboud is a natural person who resided in Katy, State of Texas at all times relevant hereto.

12. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

13. Defendant SBLI is a corporation located at Woburn, Massachusetts.

14. SBLI is a "person" as that term is defined by 47 U.S.C. §153(39).

15. SBLI acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

16. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, and representatives.

## FACTUAL ALLEGATIONS

### *Facts Specific to Abboud*

17. At all times relevant hereto, Abboud owned a cell phone number (713)-xxx-0306 ("Cell Phone").

18. She used that Cell Phone for primarily residential purposes, such as speaking with family and friends.

19. Abboud's number was registered to her as an individual, and not to a business.

20. Abboud's registered her number on the Federal Do-Not-Call Registry in or around February 27, 2020, in order to obtain solitude from unwanted telemarketing calls.

21. At all times relevant, Abboud was the sole user and/or subscriber of the Cell Phone and was financially responsible for phone service to the Cell Phone.

22. In SBLI's overzealous attempt to market its senior benefits, SBLI willfully or knowingly made (and continues to make) unsolicited telemarketing phone calls to people registered on the National Do Not Call Registry.

23. Through this conduct, SBLI has invaded the privacy of Ms. Abboud and members of the Class.

24. At no time prior to SBLI first initiating its call to Ms. Abboud did Ms. Abboud provide her Cell Phone number to SBLI, or through any medium.

25. At no time did Ms. Abboud ever enter in a business relationship with SBLI before the call campaign.

26. At no point did Ms. Abboud provide SBLI with her express written consent to be called for telemarketing purposes.

27. Nonetheless, on or around May 4, 2023, Defendant started placing telemarketing phone calls to Plaintiff's Cell Phone soliciting senior benefits.

28. During the first call on May 4, 2023, Abboud advised SBLI that she was not interested in the senior benefits they were marketing to her and requested they not call.

29. Abboud was also hesitant to provide the highly personal information that SBLI was requesting, such as her social security number.

30. However, Defendant continued to place calls to Abboud despite knowing she was not interested and did not want to be called.

31. Abboud received calls on dates including, but not limited to May 4, 2023 (additional call), May 5, 2023, May 6, 2023, May 15, 2023, May 16, 2023 (2 calls), May 26, 2023, May 30, 2023, May 31, 2023, June 1, 2023, and June 26, 2023.

32. Abboud knew the calls were from SBLI because the callers would identify themselves during these communications, advise why they were calling, and ask for personal information from Abboud in order to discuss the senior benefits they were offering.

33. Abboud informed representatives on other occasions that she was not interested in the senior benefits they were offering and did not want to provide them with personal information.

34. As a result of the unlawful robocall, Ms. Abboud experienced frustration, annoyance, irritation and a sense that her privacy had been invaded.

## CLASS ALLEGATIONS

35. Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), Plaintiff brings this lawsuit as a class action on behalf of herself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

36. Plaintiff seeks to represent the following class:

> All persons within the United States who from four years prior to the date of the filing of this lawsuit to the date of class certification: (1) received more than one telephone call from SBLI or someone acting on its behalf (2) during a 12-month period; (3) where the calls were made in connection with a campaign to solicit products or services; and (4) whose number was registered on the Do Not Call Registry for more than 31 days at the time the calls were received.

37. Plaintiff reserves the right to amend or modify the class definitions consistent with the record.

38. The putative class members' identities are readily ascertainable from Defendant's records or records within Defendant's control.

39. Plaintiff's claims are typical of the class members, as all are based on the same facts and legal theories.

40. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests which might cause them not to vigorously pursue this action.

41. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules Civil Procedure because there is a well-defined community interest in the litigation.

42. Class Members are so numerous and that their individual joinder of all class members is impracticable. There are no likely difficulties to be encountered in managing this case as a class action.

43. Common questions of law and fact exist to all Class Members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to the following:

   a. Whether Defendant's conduct violates 47 U.S.C. § 227(c) and the corresponding rules and regulations implementing the TCPA; and

   b. Whether Plaintiff and the putative class members are entitled to increased damages for each violation based on the willfulness of Defendant's conduct.

44. Plaintiff's claims are typical of the claims of the proposed class members because her claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

45. Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue this class action lawsuit.

46. The class action mechanism is superior to other available means for the fair and efficient adjudication of this case. Each individual class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual

issues of this case. Individualized litigation also presents a potential for inconsistent and contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

47. SBLI is headquartered in this District. This District is therefore an appropriate forum in which to adjudicate this dispute. Based on discovery and further investigation, Plaintiff may, in addition to moving for class certification, use modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Rule 23. Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions.

### COUNT I
**Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(c)(5)**
*Do-Not-Call Claim*

48. Ms. Abboud re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

49. Abboud brings this Count individually and on behalf of all others similarly situated.

50. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered her or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

51. Defendant called Plaintiff for solicitation purposes despite the fact her number had been on the Do Not Call Registry since February 2020.

52. Defendant called Plaintiff and the putative class members on multiple occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

53. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff and the putative class members.

54. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, and absent bona fide error or good faith mistake.

55. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

### Prayer for Judgment

WHEREFORE, Plaintiff MONICA ABBOUD, individually, and or on behalf of all other similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant SBLI pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying this action as a class action and appointing Ms. Abboud as the class representative;

b. Enter an order appointing Kazerouni Law Group, APC as class counsel;

c. Enter judgment in favor of Ms. Abboud and the putative class for all damages available under the TCPA, including statutory damages of $500

per violation of 47 U.S.C. § 227(c) and up to $1,500 per violation of each subsection if Defendant willfully violated the TCPA;

d. Enter injunctive relief against both Defendant as permitted under the TCPA;

e. Award Ms. Abboud and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and administration; and

f. Award Ms. Abboud and the class such further and other relief the Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MONICA ABBOUD, demands a jury trial in this case.

Dated: May 8, 2024

Respectfully submitted,

KAZEROUNI LAW GROUP, APC

By: /s/ Amy Ginsburg
Amy Ginsburg, Esq. (TX Bar ID: 224107506)
amy@kazlg.com
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (214) 880-6362
Fax: (800) 635-6425

1012 N. Bethlehem Pike Suite 103, Box #9
Ambler, PA 19002

Attorneys for Plaintiff

FIRST AMENDED CLASS-ACTION COMPLAINT